UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PINACHIO,<br><br>                              Plaintiff,<br><br>        v.<br><br>BRAD PENNINGS, officer; THE STATE OF CALIFORNIA; and DOES 1-20,<br><br>                              Defendant. | Civil No.   06cv0447-LAB (POR)<br><br>**CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br>          **(Fed. R. Civ. P. 16)**<br>          **(Local Rule 16.1)**<br>          **(Fed. R. Civ. P. 26)** |

On January 3, 2007, the Court held a Case Management Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure.  Appearing telephonically before the Court were James Dunn, on behalf of Plaintiff, and David Taglienti, on behalf of Defendant.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY ORDERED:

1.      Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **February 15, 2007.**

2.      On or before **March 19, 2007**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial.  The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify.  The list shall also include the normal rates the expert charges for deposition and trial testimony.  On or before **April 2, 2007**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert

1 to testify on that subject.

2   3. Each expert witness designated by a party shall prepare a written report to be
3 provided to all other parties <u>no later than</u> **July 30, 2007**, containing the information required by
4 Federal Rule of Civil Procedure 26(a)(2)(A) and (B).

5   *Except as specifically provided below, any party that fails to make these disclosures shall*
6 *<u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any*
7 *hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Federal*
8 *Rule of Civil Procedure 37(c).*

9   4. Any party, through any expert designated, shall in accordance with Federal Rules of
10 Civil Procedure 26(a)(2)(C) and 26(e), supplement any of its expert reports regarding evidence
11 intended solely to contradict or rebut evidence on the same subject matter identified in an expert
12 report submitted by another party.  Any such supplemental reports are due on or before **August 13,**
13 **2007.  Please be advised that failure to comply with expert discovery or any other discovery**
14 **order of the court may result in the sanctions provided for in Fed. R. Civ. P. Rule 37 including**
15 **a prohibition on the introduction of experts or other designated matters in evidence.**

16   5. <u>All</u> discovery, including expert discovery, shall be completed on or before
17 **September 28, 2007**.  *"Completed"* means that all discovery under Federal Rules of Civil
18 Procedure 30-36 must be initiated a sufficient period of time in advance of the cut-off date, so *that it*
19 *may be completed* by the cut-off date, taking into account the times for services, notice, and response
20 as set forth in the Federal Rules of Civil Procedure.  All disputes concerning discovery shall be
21 brought to the attention of this Court no later than thirty (30) days following the date upon which the
22 event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the
23 requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the
24 Court regarding discovery disputes.

25   6. All motions, other than motions to amend or join parties or motions in limine, shall
26 be **<u>FILED</u>** on or before **October 29, 2007**.

27   Motions will not be heard or calendared unless counsel for the moving party has obtained a
28 motion hearing date from the law clerk of the judge who will hear the motion.  **Be advised that the**

**parties must file their moving papers within three (3) days of receiving the motion hearing date from the Court.  Be further advised that the period of time between the date you request a motion date and the hearing date may be up to 3 or more months.  Please plan accordingly.**

7. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

8. A Mandatory Settlement Conference shall be conducted on **April 9, 2007,** at **2:00 p.m.**, in the chambers of the Honorable Judge Louisa S. Porter.  Counsel shall lodge confidential settlement statements, if any, directly with the chambers of Judge Porter on or before **April 4, 2007**.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.**

9. Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, *must be present* and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  All conference discussions will be informal, off the record, privileged and confidential.

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  Heilemann Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  One purpose for requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face to face conference.  Id. at 486.  A limited authority or a sum certain of authority is not adequate.  Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

1  Mandatory settlement conferences shall not be rescheduled without a showing of good cause
2 and adequate notice to the Court.  If counsel wish to reschedule this conference, they shall contact
3 the Court at least ten (10) days prior to the conference.  Absent exceptional circumstances, the Court
4 will not reschedule this conference with less than ten (10) days notice.  <u>Only in extreme
5 circumstances will the Court reschedule a mandatory settlement conference with less than 24 hours
6 notice.</u>

7  10. Despite the requirements of Local Rule 16.1(f), neither party is required to file
8 Memoranda of Contentions of Fact and Law at any time.  The parties shall instead focus their efforts
9 on drafting and submitting a proposed pretrial order by the time and date specified by Local Rule
10 16.1(f)(6)(b) and the Standing Order in Civil Cases issued by Hon. Larry Alan Burns.

11  11. All parties or their counsel shall fully comply with the Pretrial Disclosure
12 requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **February 4, 2008**.  **Failure
13 to comply with these disclosures requirements could result in evidence preclusion or other
14 sanctions under Federal Rule of Civil Procedure 37.**

15  12. Counsel shall meet together and take the action required by Local Rule 16.1(f)(5) on
16 or before **February 11, 2008**.  At this meeting, counsel shall discuss and attempt to enter into
17 stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange
18 copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be
19 prepared in accordance with Local Rule 16.1 (f)(3)(c).  Counsel shall note any objections they have
20 to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel
21 shall cooperate in the preparation of the proposed pretrial conference order.

22  13. The proposed final pretrial conference order, including objections any party has to
23 any other parties' Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the
24 Clerk of the Court on or before **February 18, 2008**, and shall be in the form prescribed in and in
25 compliance with Local Rule 16.1 (f)(6).  Counsel shall also bring a copy of the pretrial order to the
26 pretrial conference for the Court.

27  14. The final pretrial conference shall be held before the **<u>Honorable Larry A. Burns</u>**,
28 United States District Court Judge, on **February 25, 2008** at **<u>10:45 a.m</u>**.

| | |
|---|---|
| 1 | 15. The dates and times set forth herein will not be further modified except for good |
| 2 | cause shown. |
| 3 | 16. Counsel for Plaintiff shall serve a copy of this order on any parties that enter this case |
| 4 | hereafter. |

DATED: January 3, 2007

_____
LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable Larry A. Burns
     All parties